# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**FREDRICK PENNINGTON, JR.**                                                         **PLAINTIFF**

v.                           Case No. 4:24-cv-00646-LPR

**CORRECTIONAL MEDICAL**
**SERVICES, et al.**                                                                **DEFENDANTS**

## ORDER

Plaintiff Fredrick Pennington, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] The Court screened Mr. Pennington's complaint and determined that it failed to state a claim.[2] But the Court gave Mr. Pennington the opportunity to file an amended complaint to address the deficiencies noted in the Court's screening order.[3] Mr. Pennington filed his Amended Complaint on February 14, 2025.[4] The Court will now proceed with screening the Amended Complaint.

In the original screening order, the Court explained:

> As it is currently pleaded, the Complaint fails to state a claim against any of the Defendants. . . . [With respect] to the Correctional Medical Services Defendants, Mr. Pennington's sparse allegations against them fail to state a viable claim for relief. In his Complaint, Mr. Pennington does not describe who prescribed or administered the medications, when these events occurred, whether he made prison officials aware of his adverse reactions to the medications, how the prison Defendants responded to these events, or what injuries he sustained as a result of the prison Defendants' actions. Put simply, there are not enough facts in the

---

[1] Compl. (Doc. 2).

[2] Order (Doc. 6).

[3] *Id*. at 3–4.

[4] Am. Compl. (Doc. 7). Mr. Pennington also filed a document titled "Civil Action" which is styled on the case docket as a Notice. *See* Doc. 8. The document concerns Mr. Pennington's federal tax return and names the IRS as a defendant. *Id*. The Court will construe this filing as an attempt to file a new and unrelated complaint against the IRS. The Clerk of Court is therefore directed to open a new civil case, file Doc. 8 as the operative complaint, and send Mr. Pennington a file-marked copy with the new case number. The new case should be assigned to a District Judge in the usual manner. Mr. Pennington is cautioned, however, that in order to proceed with a new case he will have to either pay the filing fee or file a motion seeking leave to proceed *in forma pauperis*.

Complaint to plausibly allege either state-law medical malpractice claims or § 1983 medical deliberate indifference claims.[5]

The Court also noted that, "[a]s to the § 1983 claims, Mr. Pennington has not alleged any facts showing that prison officials knew of, and disregarded, a substantial risk of serious harm to Mr. Pennington by prescribing and administering medications for his high blood pressure and diabetes."[6]

Mr. Pennington's Amended Complaint fails to allege any new or additional facts to sufficiently state a claim for relief. At most, Mr. Pennington alleges that the Correctional Medical Services Defendants "knowingly did not tell the Plaintiff of any side effects of any of the medicines that he might have to take in the future," which "caused more medical harm and medical needs that he suffered later . . . ."[7] He also states, in a conclusory fashion, that he was "victimized" by the Defendants when he told them about side effects he had experienced.[8] These allegations fall far short of stating a claim for medical deliberate indifference. Mr. Pennington's case will therefore be dismissed.

IT IS THEREFORE ORDERED that:

1. Mr. Pennington's Amended Complaint (Doc. 7) is DISMISSED without prejudice. The Clerk of Court is directed to close this case.

2. The Clerk of Court is directed to open a new civil case, file Mr. Pennington's Notice (Doc. 8) as the operative complaint, and send Mr. Pennington a file-marked copy with the new case number. The new case should be assigned to a District Judge in the usual manner.

---

[5] Order (Doc. 6) at 3. Because Mr. Pennington has not named Dr. Ren as a Defendant in the Amended Complaint, the Court limits its screening to only those claims brought against the Correctional Medical Services Defendants.

[6] *Id*. at 3 n.15 (citing *Letterman v. Does*, 789 F.3d 856, 861–62 (8th Cir. 2015) (describing the elements of a successful medical deliberate indifference claim)).

[7] Am. Compl. (Doc. 7) at 2.

[8] *Id*. at 3.

3.     The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 10th day of June 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE